**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LONNIE JOHN WHITE,<br><br>    Defendant. | **ORDER DENYING DEFENDANT'S AMENDED MOTION TO VACATE UNDER 28 U.S.C. § 2255**<br><br>Case No. 3:07-cr-00136-TMB |

### I.  Introduction

Lonnie John White ("White") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging ineffective assistance of counsel, due process violations, prosecutorial misconduct, and sentencing entrapment.[1] The government opposes, arguing that White's claims lack sufficient facts to meet the burden required for reversal.[2] For the reasons that follow, the Court **DENIES** White's motion at **Docket 219**.

### II.  Factual Background

**A. White's Felony Drug Convictions**

From May 2006 to August 2007, White sold crack cocaine to a confidential witness on five separate occasions, four of which occurred at White's residence.[3] These sales were

---

[1]  Dkt. 219; Dkt. 242.

[2]  Dkt. 222; Dkt. 250.

[3]  Dkt. 222 at 3-6.

monitored by the FBI Safe Streets Task Force.[4] The amount for each sale varied, ranging from 2.6 to 69.4 grams.[5]

On November 13, 2007, a grand jury returned an indictment charging White with five counts of distribution of a controlled substance.[6] On November 16, 2008, the FBI executed a search warrant at White's apartment where agents saw him throw 85.4 grams of crack cocaine out of a window.[7] In the apartment, law enforcement found a digital scale, a loaded hand gun, and an additional 27.5 grams of crack cocaine.[8] A grand jury returned a superseding six-count indictment on July 8, 2008 to include the drugs found during the search.[9]

White's five-day trial began on December 17, 2008.[10] White requested a jury instruction on entrapment; the Court declined to give the instruction and White's counsel did not object.[11] On December 29, 2008, a jury convicted White on counts 1, 2, and 3 of the superseding indictment.[12]

---

[4] *Id.* at 3.

[5] *Id.* at 3-6.

[6] Dkt. 1.

[7] Dkt. 222 at 6-7.

[8] *Id.* at 7 (law enforcement found the additional crack cocaine at White's feet near the window).

[9] Dkt. 46 at 2.

[10] Dkt. 119.

[11] Dkt. 108 at 4 (defendant requests an entrapment defense); Dkt 131 (the Court declines); Dkt. 185 at 4 (defense counsel does not object).

[12] Dkt. 132; Dkt. 128 at 2 (the jury was unable to reach a verdict on counts 4, 5, and 6 so the Court declared a mistrial on those counts).

### B. White's Sentencing

At sentencing, White had an adjusted guideline offense level of 34 and a criminal history V, resulting in a guideline range of 235-293 months.[13] However, the mandatory statutory minimum sentence was 240 months.[14] Both parties argued for the mandatory minimum sentence, which the court imposed.[15]

### C. White's Appeal

White, assisted by counsel, filed a notice of appeal challenging the sufficiency of the evidence supporting his conviction and sentence based on the discrepancy between the amount of drugs sold versus the amount detected by law enforcement.[16] The Ninth Circuit Court of Appeals found sufficient evidence to uphold White's conviction and sentence and affirmed on August, 5, 2010.[17]

### D. White's 28 U.S.C. § 2255 Motion

On June 14, 2012, White filed a *pro se* motion to vacate under 28 U.S.C. § 2255 raising four claims: ineffective assistance of trial counsel, violation of due process, prosecutorial misconduct, and sentence entrapment.[18] The government opposes, arguing: (1) White is not

---

[13] Dkt. 153 at 10.

[14] *Id.*; *See* 21 U.S.C. § 841 (b)(1)(A).

[15] Dkt. 152; Dkt. 153.

[16] Dkt. 174; Dkt. 191 at 2.

[17] Dkt. 191 at 2.

[18] Dkt. 219.

entitled to raise these claims since they are either untimely or procedurally defaulted, and (2) there is insufficient evidence to support any of the claims.[19]

The Magistrate Judge reviewed White's allegations and found that without additional information, his claims should be dismissed for lack of sufficient facts.[20] White was subsequently appointed counsel who filed an amended motion.[21] White's amended complaint supplemented his sentencing entrapment claim, but did not address or expand on his first three claims.[22]

### i. Timeliness and Procedural Default

As an initial matter, the government contends that White's claims should be summarily dismissed because (1) White's § 2255 motion is untimely or (2) White's claims are procedurally defaulted since he failed to raise them on direct appeal.[23] White contends that his direct appeal was created without his knowledge and maintains that his claims are reviewable at this time.[24]

### ii. Claims 1, 2, and 3

In his first claim, White argues that he received ineffective assistance of trial counsel when counsel failed to impeach a "star witness," to confront inconsistencies in police reports and a video used as evidence by the government, and to present two witnesses favorable to the

---

[19] Dkt. 222; Dkt. 250.

[20] Dkt. 225.

[21] Dkt. 242.

[22] *Id.* at 1 ("Grounds 1-3 remain as presented.").

[23] Dkt. 222 at 3, 18.

[24] Dkt. 242 at 1-2.

defense.[25] White never identifies the "star witness," does not state which statements in the police reports were inconsistent, does not specify what video he believed was misleading or how, and does not name the witnesses that would have been favorable to his defense.

In his second claim, White contends that his due process rights were violated when the district court did not compel the government to provide immunity to defense witness Delgado, who would have presented exculpatory evidence for White.[26] White never specifies what the exculpatory evidence would have been.

In his third claim, White asserts that the government used "scare tactics" to force defense witness Delgado to exercise his Fifth Amendment right to remain silent at trial.[27] White does not identify who engaged in these "scare tactics" or what was said to whom that prevented Delgado from testifying.

    iii.    *Claim 4: Sentencing Entrapment*

In his fourth and final claim, White argues that the government manipulated his sentence by initiating more sales than were necessary for a conviction in order to increase his mandatory minimum sentence.[28] In his amended motion, White emphasizes that the last two sales of crack cocaine were conducted one year after the previous three, and that the final sale was specifically designed to involve a quantity of crack cocaine that doubled his mandatory minimum sentence.[29]

---

[25] Dkt. 219 at 4-5.

[26] *Id.* at 5-6

[27] *Id.* at 7.

[28] Dkt. 219 at 8.

[29] Dkt. 242 at 13 (raising the mandatory minimum from 10 years to 20).

White contends that counsel's failure to advance a sentencing entrapment argument constituted ineffective assistance of counsel causing prejudice at his sentencing.[30]

The Court notes that in its opposing briefs, the government conflates White's claim of sentencing entrapment to the separate defense of entrapment, suggesting that White's predisposition to commit the charged crimes requires the claim to fail.[31] However, predisposition is the principal element of entrapment, not of *sentencing* entrapment.[32] A sentencing entrapment defense does not hinge on predisposition and instead focuses on the defendant's intent and capability to produce the quantity of drugs charged; predisposition is usually conceded.[33]

### III. DISCUSSION

**A. White's 28 U.S.C. § 2255 Motion is Timely**

Ordinarily, § 2255 motions are subject to a one-year statute of limitations, but the Court may grant extensions.[34] In this case, the Magistrate Judge granted White an extension to file his

---

[30] *Id.* at 2.

[31] *See* Dkt. 222 at 16-18; Dkt. 250 at 10-16;

[32] *See United States v. Jones*, 231 F.3d 508, 516 (9th Cir. 2000) (the entrapment defense requires the government to prove that the defendant was either "not induced by government agents or that he was predisposed to commit the crimes charged"); *United States v. Hoyt*, 879 F.2d 505, 509 (9th Cir. 1989) (the defendant's predisposition to commit the crime is the "principal element" of entrapment).

[33] *See United States v. Mejia*, 559 F.3d 1113, 1116-18 (9th Cir. 2009) (addressing the different burdens of proof for entrapment and sentencing entrapment); Dkt. 242 at 6 (White concedes that he is "predisposed to commit the offenses").

[34] 28 U.S.C. § 2255(f); *See Holland v. Florida*, 560 U.S. 631, 649-50 (giving courts "flexibility" with regard to equitable tolling).

§ 2255 motion until June 11, 2012.[35] Although the Court did not receive White's motion until June 14, 2012, it was executed and mailed on June 11, 2012.[36] Therefore, White filed his § 2255 motion on time and the Court will rule on its merits.

### B. Claims 1, 2, and 3 are Dismissed for Insufficient Support

White concedes that he did not raise any of the present claims in his direct appeal.[37] Claims not raised on direct review are summarily defaulted unless the defendant can demonstrate cause and prejudice or actual innocence.[38] However, as highlighted by the Magistrate Judge's order, White's first three claims contain a number of deficiencies, specifically due to a lack of detail supporting his assertions.[39] White and his counsel knew about these deficiencies but failed to address or add to any part of the first three claims before filing an amended § 2255 motion.[40] The Court agrees that White's first three claims lack sufficient detail to undergo legal analysis

---

[35] Dkt. 218.

[36] Dkt. 219 at 13; *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (The prison mailbox rule considers the date a motion is given to prison staff as the filing date.).

[37] Dkt. 219 at 4-11

[38] *See, e.g., Bousley v United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'").

[39] Dkt. 225 at 1-3.

[40] *Compare* Dkt. 225 (filed Mar. 28, 2013), *with* Dkt. 242 (filed Jan. 3, 2014).

and sees no reason to reconsider. Therefore, White's first three claims for ineffective assistance of trial counsel, violation of due process, and prosecutorial misconduct are **DENIED**.

### C. Sentencing Entrapment

Unlike the majority of claims that are procedurally defaulted if not raised on direct appeal, ineffective assistance of counsel claims are typically validly raised in a § 2255 motion.[41] White's fourth claim of ineffective assistance of counsel regarding sentencing entrapment is thus properly before the Court.

"Sentencing entrapment occurs when a defendant is predisposed to commit a lesser crime, but is entrapped by the government into committing a crime subject to more severe punishment."[42] When a defendant acts as a seller of illegal narcotics as White did here, the defendant must "show, by a preponderance of the evidence: 1) the lack of intent to produce the quantity of drugs; and 2) the lack of capability to produce the quantity of drugs."[43] A defendant's actual procurement of a quantity of drugs can indicate both the intent and capability to produce the specific quantity of drugs in question.[44] Nevertheless, in some cases the

---

[41] *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

[42] *Mejia*, 559 F.3d at 1118.

[43] *Id*.

[44] *See United States v. Yuman-Hernandez*, 712 F.3d 471, 474 (9th Cir. 2013) ("The capability to sell a certain quantity of drugs has concrete contours: the defendant either can or cannot procure or produce the amount in question.").

government may still unduly coerce a defendant to sell a greater quantity of drugs than the defendant may otherwise have been willing.[45]

> i. *White Lacks Evidentiary Support For a Sentencing Entrapment Defense*

White alleges no facts to support the assertion that he lacked the intent or capability to produce the quantity of crack cocaine charged in his indictment. Instead, White centers his sentencing entrapment claim on the government's intent to "capitalize on White's predisposition" by waiting over one year to arrest him in order to trigger a higher mandatory minimum sentence.[46] White fails to point out anything in the record indicating that he had hesitation or unwillingness to arrange the drug sales.[47] Without such support, the Court finds that White intended to deal the quantities in the convicted sales.

Furthermore, even if White lacked the intent to sell, he had the capability to do so.[48] In addition to actually selling over 50 grams of crack cocaine, White was found with over 110

---

[45] *See, e.g.*, *United States v. Naranjo*, 52 F.3d 245, 249-51 (9th Cir. 1995) (finding that the defendant "had neither the intent nor the resources to engage" in a higher quantity drug sale).

[46] Dkt. 242 at 6-10; Dkt. 251 at 2, 3, 6

[47] *See* Dkt. 242; Dkt. 251.

[48] Dkt. 242 at 5 (White concedes that he sold the government's informant between 70 and 85 grams of crack cocaine on August 30, 2007 alone).

grams when he was arrested.[49] White's argument lacks sufficient evidentiary development to show that he lacked the intent and capability to produce the amount of crack cocaine in question.

    *ii.  Not Pursuing Sentencing Entrapment Claim Was Reasonable*

  White contends that his trial counsel was ineffective because counsel should have advanced a sentencing entrapment claim to lower the mandatory minimum sentence.[50] Counsel is deemed ineffective if "counsel's representation fell below an objective standard of reasonableness."[51] "Judicial scrutiny of counsel's performance must be highly deferential," so there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[52] Even if counsel's assistance is deemed ineffective, a defendant is only entitled to relief if the inadequate representation resulted in prejudice.[53]

  White relies on recent Ninth Circuit cases and a revised jury instruction on sentencing entrapment in the April 2014 edition of the Ninth Circuit's Manual of Model Criminal Jury Instructions to further his claim that counsel should have raised a sentencing entrapment defense.[54] However, at the time of White's trial and sentencing, the Ninth Circuit's Manual of

---

[49] Dkt. 222 at 6-7.

[50] Dkt. 242 at 1-2, 11-12.

[51] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[52] *Id.* at 689.

[53] *Id*. at 692.

[54] Dkt. 252 at 1-2; Dkt. 252-1.

Model Criminal Jury Instructions did not include any instruction on sentencing entrapment.[55] Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."[56] Although not dispositive, the Court finds trial counsel's heavy reliance on the 2003 edition of the Ninth Circuit's Manual of Model Criminal Jury Instructions to support the conclusion that counsel was not unreasonable when he did not request a jury instruction on sentencing entrapment.[57]

More importantly, the decision by White's trial counsel to not raise a sentencing entrapment defense was not unreasonable because of the lack of evidentiary support for such a

---

[55] 9TH CIR. CRIM. JURY INSTR. 3.1, 96-98 (2003) (omitting any mention of "sentencing entrapment").

[56] *Teague v. Lane*, 489 U.S. 288, 310 (1989).
[57] Dkt. 108 at 1-4; *See Strickland*, 466 U.S. at 689 (The Court is tasked with employing "every effort . . . to evaluate the conduct from counsel's perspective at the time.").

defense as detailed above. Since this Court finds that White's counsel acted reasonably, it is unnecessary to consider whether his failure to raise the claim was prejudicial.[58]

White's fourth and final claim for sentencing entrapment is unsupported by sufficient facts, so White's counsel was not unreasonable, and thus not ineffective, for failing to raise the claim. The Court **DENIES** White's claim for sentencing entrapment.

## IV. Conclusion

The Court has reviewed the parties' briefing on White's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence and finds White's claims without merit. The Court therefore **DENIES** White's § 2255 motion at **Docket 219**.

Dated at Anchorage, Alaska, this 23rd day of September, 2014.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[58] *Id.* at 687 (holding that the question of whether counsel caused prejudice comes after a finding of unreasonableness).