# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Lonnie J. White*
Case No. 3:07-cr-00136-TMB-SAO

By:         THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:         ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Lonnie J. White's Motion for Early Termination of Supervised Release ("Motion").[1] The Government opposes White's Motion.[2] For the following reasons, White's Motion is **GRANTED**. Because the Court grants White's Motion, the Court is not required to hold a hearing.[3]

On December 29, 2008, a jury convicted White of Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and two counts of Distribution of Controlled Substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)–(C).[4] On April 17, 2009, the Court sentenced White to a 240-month term of imprisonment.[5] White's sentence was reduced to 151 months pursuant to Section 404(b) of the First Step Act on May 6, 2019.[6] On May 7, 2019, White was released from custody and began his ten-year term of supervised release.[7]

On May 12, 2021, White filed his Motion, asking the Court to terminate his supervised release or reduce the term from ten to eight years.[8] White notes that he successfully completed two years of supervised release, during which time he has remained gainfully employed and supported his family.[9] He has also remained drug free, and his U.S. probation officer ("USPO") "has not experienced any difficulties supervising him."[10] White argues that early termination of his supervised release under 18 U.S.C. § 3583(e)(1) is appropriate based on his demonstrated rehabilitation and the lower statutory term of supervised release currently applicable to his offenses.[11] At the very least, White argues that a reduction of the term of supervised release from

---

[1] Dkt. 335 (Motion).
[2] Dkt. 339 (Opposition).
[3] *See* Fed. R. Crim P. 32.1(c)(2)(B); *United States v. Alexander*, No. 18-cr-00520-SI-1, 2020 WL 5691499, at *1 (N.D. Cal. June 25, 2020).
[4] Dkts. 128 (Minute Entry); 132 (Jury Verdict); 165 (Judgment).
[5] Dkt. 165.
[6] Dkt. 301 (Order re Reduction).
[7] Dkts. 335 at 2; 344 (USPO Report); 345 (Amended USPO Report).
[8] Dkts. 335 at 1, 4 (citing Fed. R. Crim. P. 32.1(c) (Revoking or Modifying Probation or Supervised Release)).
[9] *Id.* at 1.
[10] *Id.* at 1–2, 4.
[11] *Id.* at 3–4

1

ten to eight years is necessary to achieve proportionality with the new statutory penalties and Sentencing Guidelines range applicable to his reduced sentenced.[12]

In its Opposition, the Government argues that given White's "long criminal history of dangerous drug activity" and "possession of firearms," his "poor history of performance while on supervised release," his lack of remorse for his crimes, and his disciplinary record while in Bureau of Prisons' ("BOP") custody, White should remain on supervised release.[13]

The USPO assigned to White's case initially did not oppose White's Motion.[14] The UPSO noted that since his release in May 2019, White has maintained gainful employment and stable housing with his partner and their two children.[15] The USPO notes White has remained drug free, has not incurred any new legal violations, has paid his special assessment in full, and has complied with all conditions of supervised release.[16] The USPO filed an Amended Report after learning that White admitted to ingesting marijuana for medical purposes on August 17, 2021, in violation of his conditions of supervised release.[17] Based on the violation, the USPO now conditionally opposes White's Motion.[18] However, the USPO notes that if the Court grants White's Motion to Modify Conditions of Supervised Release at Docket 342, the UPSO would not oppose White's Motion at Docket 335 "based on his efforts and success in other areas during this term of supervision."[19]

A defendant bears the burden to show that early termination of supervised release is appropriate.[20] A court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"[21] The § 3553(a) factors include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."[22]

Here, White has successfully completed two years on supervised release.[23] White has remained gainfully employed, supported his family, and complied with the conditions of his supervised release. Although White's conviction involved a serious drug offense, his successful reentry into the community demonstrates that he is unlikely to reoffend or otherwise pose a risk to the public.

---

[12] *Id.* at 4.

[13] Dkt. 339 at 1–3. The Government opposed an earlier request for sentence modification. Dkt. 288 (Opposition to Reduction).

[14] Dkt. 344 at 1.

[15] *Id.*

[16] *Id.*

[17] Dkt. 345.

[18] *Id.* at 1–2.

[19] *Id.* at 2.

[20] *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

[21] 18 U.S.C. § 3583(e)(1).

[22] *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

[23] *See* 18 U.S.C. § 3583(e)(1).

Similarly, adequate deterrence does not appear to be an issue in this case. Finally, the Court previously granted White's Motion to Modify Conditions of Supervised Release at Docket 342,[24] and the August 17, 2021 incident of medical marijuana consumption does not undermine White's progress. The Court, after weighting the § 3553(a) factors, is satisfied that the ends of justice are served by granting White's Motion.

Accordingly, White's Motion for Early Termination at Docket 335 is **GRANTED**, and White's period of supervised release is **TERMINATED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 29, 2021

---

[24] Dkt. 347 (Order Granting Motion to Modify).